JAMES H. STAIRS *vs.* BANGOR POWER COMPANY.

Penobscot.    Opinion June 25, 1917.

*Writ of entry.   Plea of disclaimer.   Proof necessary under claim of adverse possession.*

Writ of entry for the recovery of a tract of land in Old Town bounded westerly by the Bennoch road, and easterly by the thread of Pushaw Stream extended southerly from the southerly line of land of Frank Lancaster through its northerly mouth, so called, to its point of intersection with the thread of Stillwater River and thence by the thread of Stillwater River to the line of Gilman Falls Avenue.   The case is reported to the Law Court for the determination, upon the evidence legally admissible, of all the rights of the parties and the order of final judgment.

As the principles of law involved are well established, the questions to be determined are of fact alone.

The court concludes upon the evidence that the main Pushaw Stream extended to the south end of the island which lies south of Irving Point and that the mouth of Pushaw Stream referred to in the deeds is the mouth between the south end of the island and a point on the west bank of the river northerly of Pushaw road and not the mouth north of the island.

The court also finds that neither by the deeds of Daniel White and John Bennoch through Alexander Gray and his grantee, Richard Lancaster, nor by adverse possession does the plaintiff show title to the island or to the strips of land one rod wide along the Stillwater River or Pushaw Stream.

Under the deed of William H. White, one of the two sons and heirs at law of Daniel White, deceased, of a strip of land one rod in width upon Stillwater River or stream and a strip of land one rod in width on Pushaw Stream from the mouth of the same to the south line of land of Frank Lancaster, the plaintiff is entitled to one-half of the interest therein of John White or thirty-two and one-half one hundredths of each of said strips, but shows no title to the island.

Writ of entry to recover a certain tract of land in the city of Old Town, Penobscot County.   Defendant filed plea of general issue, together with brief statement and also filed disclaimer as to part of the realty claimed in plaintiff's writ.   At close of testimony, by consent of the parties case was reported to Law Court upon so much of

the evidence as legally admissible, the Law Court to determine all the rights of the parties and render final judgment thereon. Judgment in accordance with opinion.

Case state in opinion.

*Morse & Cook*, for plaintiff.

*Ryder & Simpson, and C. J. Dunn*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J.   The plaintiff by this writ of entry seeks the recovery of land described as follows:  Commencing at the thread of the northerly branch of Pushaw Stream, so called, at a point where the thread of said stream intersects the thread of the Stillwater branch of the Penobscot River; thence northwesterly up the thread of said Pushaw Stream about twenty rods to a point where the southerly line of land formerly owned by Frank Lancaster intersects the thread of said stream; thence westerly on the southerly line of said Frank Lancaster's land to the Bennoch road, so called; thence southerly along said Bennoch road to Gilman Falls Avenue; thence easterly along said Gilman Falls Avenue to the thread of the Stillwater branch of the Penobscot River; thence northeasterly along the thread of said Stillwater branch of the Penobscot River to the point of beginning.

The defendant pleaded the general issue and, by way of brief statement; "that it claims and was in possession of only a part of the premises described in plaintiff's writ when said action was commenced viz:  A strip of land one rod in width on the west side of Pushaw Stream and the Stillwater branch of the Penobscot River extending along the southerly line of land formerly owned by Frank Lancaster as alleged in plaintiff's writ to Gilman Falls Avenue, so called.   "Said defendant further says; that it was not on the day of the date of plaintiff's writ and never since has been and is not now, tenant of the freehold in, or in possession of so much of the premises described in plaintiff's writ as lies west of a strip of land one rod in width on the west side of Pushaw Stream and Stillwater branch of the Penobscot River extending from the southerly line of land formerly owned by Frank Lancaster as alleged in plaintiff's writ to Gilman Falls Avenue, so called."

The case is reported to the Law Court upon so much of the evidence as is legally admissible; "that court to determine all the rights of the parties and order final judgment."

The following sketch illustrates the location.

It is admitted "that on the first day of January, 1845, Daniel White, deceased, was the owner in fee simple of 65 undivided 100ths part of the land described in the plaintiff's writ, and John Bennoch, deceased, was the owner in fee simple of 35 undivided 100ths part of said land. The above admission is not to preclude either party from introducing deeds for the purpose of construction only."

The principles of law involved are, if not elementary, amply established by authority. The questions to be determined are questions of fact. They are stated by defendant to be, "1. What is the main branch of Pushaw Stream? 2. The plaintiff has shown title to the land described in his declaration in two ways; By title deeds and again by adverse possession."

To discuss extensively the evidence upon either of these two points would be profitless. The court concludes upon the evidence afforded by the plan of 1805, the construction of the deeds offered and admitted and the oral evidence, including that of the engineers, that the main Pushaw Stream extended to the south end of the island which lies south of Irving Point and that the mouth of Pushaw River referred to in the deeds is the mouth between the south end of the island and a point on the west bank of the river northeasterly of Pushaw Road, or Gilman Falls Avenue, as otherwise called, and not the mouth north of the island, as claimed by plaintiff, which the court concludes was artificially formed.

The plaintiff claims title by sundry mesne conveyances from Daniel White and John Bennoch through Alexander Gray and his grantee, Richard Lancaster. We do not find the plaintiff's contention supported by the deeds. He also claims title by adverse possession but the acts relied upon to show open, notorious, exclusive and uninterruptedly continuous possession for the requisite period are not, in the opinion of the court, sufficient to give title by adverse possession. *Richards* v. *Richards*, 84 Maine, 1. Plaintiff shows no title to the island or the strips of land along the Stillwater River or Pushaw Stream, either by the deeds above considered or by adverse possession. *Derby* v. *Jones*, 27 Maine, 357, 362.

The plaintiff, however, offers the deed of release of William H. White, one of the two heirs-at-law of Daniel White, deceased, "of a strip of land one rod in width upon Stillwater Stream and a strip of land one rod in width on Pushaw Stream from the mouth of the same" to a point several rods northerly of the island. The strips so con-

veyed were expressly excepted in the deed of Daniel White and John Bennoch to Alexander Gray. The plaintiff, therefore, shows title to thirty-two and one-half one hundredths in common and undivided of the strips, one rod in width, on both Pushaw Stream and Stillwater River, but no title to the "island." The defendant's dam encroaches upon both these strips and plaintiff is entitled to judgment against it for such fractional proportion of both strips.

Judgment for plaintiff for thirty-two and one-half one hundredths, in common and undivided of a strip of land one rod in width upon the westerly side of Pushaw Stream from the south line of land of Frank Lancaster to a point on the westerly side of Pushaw Stream, southwest of the south point of the "island", and thirty-two and one-half one hundredths, in common and undivided of a strip of land one rod in width on the westerly side of Stillwater River from the northerly point of the "island" to Gilman Falls Avenue.

*So ordered.*